340 So.2d 1325 (1976)
SUCCESSION of Walter P. ROCK, Jr.
v.
ALLSTATE LIFE INSURANCE COMPANY.
No. 58002.
Supreme Court of Louisiana.
December 13, 1976.
Rehearing Denied January 21, 1977.
*1326 Allen A. McElroy, Jr., McElroy & Ramsey, Berwick, for plaintiff-applicant.
Christopher E. Lawler, Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendant-respondent.
SUMMERS, Justice.
Certiorari was granted to review the validity of a default judgment obtained on behalf of the Succession of Walter P. Rock, Jr., by the administratrix. La., 332 So.2d 860. A number of representations of fact, which cannot be considered, were made by counsel for the parties in brief and at oral argument. This review must be confined to the record before us.
The petition filed on behalf of the succession on March 10, 1975 alleges that defendant Allstate Life Insurance Company is a foreign insurance company authorized to do business in this State and has appointed the Secretary of State as its agent for service of process. At all times relevant to this proceeding, the petition alleges, Allstate had in full force and effect a group life insurance policy issued in the name of Petrolane Incorporated insuring the life of Petrolane's employees for accidental death.
According to the petition, Walter P. Rock, Jr., who died in St. Mary Parish on June 15, 1974 as a result of an accident, was at that time an employee of Petrolane. Rock was, therefore, insured under Allstate's group life insurance policy. The policy provided $10,000 in benefits for accidental death. Allstate has refused payment under the policy, which named as beneficiary Tammie Rock as wife of decedent. However, decedent was never married and there is no such person known as Tammie Rock; therefore, the correct beneficiary is the petitioner, decedent's succession. An allegation that Allstate owes interest as penalties follows.
The petition prays for judgment in favor of petitioner and against Allstate in the sum of $10,000, penalty interest at the rate of six percent from date of proof of death, legal interest on all amounts from date of judicial demand, costs and general and equitable relief.
Attached to and made a part of the petition is a certified copy of decedent's death certificate which shows a history of butane gas inhalation. Death was accidental, according to the certificate, and resulted from gas inhalation on June 15, 1974 in St. Mary Parish. The petition is verified by the affidavit of the administratrix of the succession, decedent's sister. It declares that decedent was never married and no one by the name of Tammie Rock was known to her.
Interrogatories attached to the petition asked that Allstate answer in writing, under oath, giving the names of eyewitnesses to decedent's death, facts relevant to the issues, date proof of death was received, and names of persons from whom Allstate had obtained statements with details. The interrogatories also sought information, photos and documents, etc., obtained by Allstate bearing upon the facts surrounding decedent's death.
On the same day the petition was filed, citation accompanied by a copy of the petition and interrogatories issued from the clerk's office in St. Mary Parish to the Sheriff of East Baton Rouge Parish for service on Allstate by and through the Secretary of State. The sheriff returned a copy of the citation to the clerk with his certificate that he had accomplished personal service on the Secretary of State on March 13, 1975. The sheriff's return was received in the clerk's office on March 14.
Minutes of court record that a preliminary default was entered on April 1, 1975. Thereafter, on April 10, plaintiff's attorney filed a request for admission of facts addressed to Allstate. Therein he requested admission, within fifteen days, of the existence of the life and accidental death policy affecting Petrolane employees on June 15, 1974, bearing No. 64003413L; and whether *1327 Rock was an employee of Petrolane and covered by the policy providing benefits of $10,000 for Rock's accidental loss of life.
Admissions were also requested that Rock died of accidental injury covered by the policy and that Allstate had failed to pay the $10,000 owed to Rock's succession. It was also requested that Allstate admit that Rock's succession was the proper beneficiary under the policy and that Allstate had received notification of his death prior to July 1, 1974. The request for admissions was served on the Secretary of State by the Sheriff of East Baton Rouge Parish, who filed a return that the service was made on April 15, 1975.
Then on May 1, 1975, on motion of plaintiff's attorney in open court, the case was set for confirmation of default, was taken up in its turn, and evidence was adduced. The court considering the preliminary default entered on April 1, 1975, after hearing the pleadings, evidence and arguments of counsel, rendered judgment in favor of the Succession of Walter P. Rock, Jr., and against Allstate in the sum of $10,000, together with six percent interest thereon from July 1, 1974 until paid, and for costs.
A notice of judgment was served on Allstate on May 12 in the same manner service had been made of the petition, interrogatories and request for admission of facts.
Allstate filed its petition for a devolutive appeal on July 14, 1975 from the final judgment of May 1, 1975, which the trial judge made returnable to the First Circuit on September 15, 1975. On that appeal the First Circuit annulled, reversed and set aside the judgment, and dismissed plaintiff's demand, without prejudice, casting plaintiff for costs. 329 So.2d 862.

I
The statute relied upon for service in the instant case reads as follows:
"Every foreign or alien insurer shall appoint the secretary of state to be its true and lawful attorney in this state upon whom, or some other person in his office during his absence he may designate, all lawful process in any action or proceeding against such insurer may be served, which shall constitute service on such insurer. Such appointment shall continue in force so long as any contract or other liability of such insurer in this state shall remain outstanding. Whenever such process shall be served upon the secretary of state he shall forthwith forward a copy of the process by prepaid registered mail to the person designated for the purpose by the insurer." La.Rev. Stat. 22:985.
Allstate contends that the foregoing statute, authorizing service on foreign insurers through the Secretary of State, requires that the record contain proof that the insurer has received notice of the suit by registered mail from the Secretary of State. This is necessary, according to the argument, in order that jurisdiction over the person of the defendant may be obtained. To support this position Allstate refers to Louisiana's Nonresident Motorist Statute. La.Rev.Stat. 13:3474-75. That enactment prescribes that the acceptance by nonresidents of the privilege of operating motor vehicles on the public highways of Louisiana shall be "deemed" equivalent to an appointment of the Secretary of State to be his true and lawful attorney for service of process, "provided that notice[s] of such service . . . are forthwith sent by registered mail by the plaintiff to the defendant. . . [and are] filed in the proceedings before judgment can be entered against said defendant. . . ."
To fail to require a showing that the Secretary of State has mailed a copy of the petition or other documents served upon him to the defendant insurer, Allstate argues, would be to disregard and fail to carry out the obvious intent of the last sentence of Section 985, which requires that "Whenever such process shall be served upon the secretary of state he shall forthwith forward a copy of the process by prepaid registered mail to the person designated for the purpose by the insurer."
The two statutes are distinguishable. The Nonresident Motorist Statute makes a *1328 specific requirement that the Secretary forward evidence of service to defendant and that evidence of this be "filed in the proceedings". By the terms of this statute the nonresident is "deemed" to have appointed the Secretary of State to be his true and lawful attorney for service of process. A nonresident motorist can be anyone; the statute does not confine its effect to foreign insurers.
On the other hand, Section 985 does not require that evidence of citation be sent by registered mail to the defendant and "be filed in the proceedings". This distinction is significant for the reasons assigned hereafter. Furthermore, this section applies only to foreign insurers who are required by the statute to appoint the Secretary of State as its true and lawful attorney for service of process. Under these circumstances the insurer is fully aware of the appointment and is charged with the responsibility for actions of the Secretary of State. The statute also declares that service on the Secretary of State "shall constitute" service on such insurer.
As we construe the statute, although it imposes a duty on the Secretary of State to forward a copy of the process by registered mail to the insurer, that requirement, after service, is a duty to be performed by the Secretary of State on behalf of the foreign insurer. As the lawful attorney acting for the insurer the Secretary of State has received a valid service of process; and his failure, if such be the case, to forward a copy of the process to the insurer is chargeable to the insurer to whom he owed the duty. Whatever may be the omission or default of the Secretary of State, after a party had done all that is required of him to obtain legal service, the omission or default, if any there be, is chargeable to the party whom he represents. National Surety Co. v. Bell, 121 Okl. 48, 247 P. 343 (1926); Geo. O. Richardson Machinery Co. v. Scott, 122 Okl. 125, 251 P. 482 (1926), cert. dismd., 276 U.S. 128, 48 S.Ct. 264, 72 L.Ed. 497; 20 A.L.R.2d 896, § 6.
It is noted, moreover, that it is not claimed that the Secretary of State did not in fact comply with the duty to forward a copy of the process to Allstate; Allstate only asserts that no evidence of this fact appears in the record. And the likelihood of this omission is highly improbable, considering that this record reflects that the Secretary of State was served on three separate occasionsthe petition and interrogatories on March 13, 1975; the request for admission of facts on April 15, 1975; and the notice of judgment on May 12, 1975. The latter notice provided an additional period of seven days after service to apply for a new trial. La.Code Civ.Pro. arts. 1913 and 1974. All of these notices were sufficient to apprise Allstate of plaintiff's claim.
The Court of Appeal correctly held that ". . . service is complete when made on the Secretary of State irrespective of whether that official performs the ministerial task of forwarding notice to the insurer concerned."

II
Allstate contends that the right asserted by the plaintiff is predicated upon a contract of insurance that the law requires to be in writing. From this premise Allstate argues that legal proof of the rights contained in such a contract in a confirmation of a default judgment is insufficient absent the introduction of the contract itself.
There is no requirement that a party confirming a default must have the testimony reduced to writing or that a note be made of the evidence introduced; and when a judgment has been rendered and no note of evidence has been made, it is incumbent on the party desiring to appeal to secure a narrative in accordance with Article 2130 and 2131 of the Code of Civil Procedure. This was not done. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972); Succession of Moore, 42 La.Ann. 332, 7 So. 561 (1890); Francois v. Cloud, 149 So.2d 678 (La.App.1963).
In order to obtain reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered *1329 upon sufficient evidence and that it is correct. When the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Ascension Builders, Inc. v. Jumonville, supra; Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970); Massey v. Consumer's Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789 (1953); Nugent v. Stark, 34 La.Ann. 628 (1882).
This presumption, that the judgment is well-founded and based on competent evidence, which exists when there is no note of evidence of parole testimony, is a fair and reasonable one conducive to the efficient administration of justice and should be given much weight. It has long been recognized in our law. Ascension Builders, Inc. v. Jumonville, supra; Escurieux v. Chapduc, 4 Rob. 323 (La.1843); Hubbell v. Clannon, 13 La. 494 (1839).
He who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and failure to timely plead. DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951).
Allstate relies upon Ascension Builders, Inc. v. Jumonville, supra, to support the claim that this default judgment must be set aside because the contract of insurance is not part of the record. There the party cast timely filed a motion for a new trial in which the issue of the contract's absence from the record was raised. Here the time for applying for a new trial has expired, and this case was appealed. The matter in this posture must therefore be decided on the record.
All of the salient contract provisions upon which plaintiff's suit is based are part of the request for admissions. The requirement that the contract be made part of the record to support this default judgment is supplied by the admission of facts resulting from Allstate's failure to deny the matters of which an admission was requested. Article 1496 of the Code of Civil Procedure governs this situation:
"After commencement of an action a party may serve without leave of court upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth in the request. Copies of the documents shall be served with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than fifteen days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either:
(1) An affidavit denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters, or
(2) Written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part.
If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder.
Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding."
*1330 The terms and condition of the contract forming the basis of the cause of action were not admitted in Ascension Builders, Inc. v. Jumonville as they were in the instant case. This difference distinguished these cases.

III
Allstate seeks to avoid the effect of these admissions by its claim that the confirmation of default was entered before fifteen days after service of the request for admissions on the Secretary of State. The contention is incorrect. The service was made on April 15, 1975 and the default was confirmed and judgment entered on May 1, 1975, not "less than fifteen days after service" as Article 1496 requires. The further argument that plaintiff requested that Allstate admit the truth of the facts "within fifteen (15) days after service", instead of "not less than fifteen days after service" as Article 1496 requires, is a technicality which has no prejudicial effect so long as the facts are not considered admitted until "fifteen days after service".

IV
Allstate also asserts that this Court held in Voisin v. Luke, 249 La. 796, 191 So.2d 503 (1966), that Article 1496 was not intended to be used to establish a controversial issue which constituted the crux of the matter in litigation. The case must be analyzed in its factual context. There the plaintiff's petition for possessory action set forth that he had been in possession of certain land for more than a year, and defendant, by executing a mineral lease affecting the property, slandered his title. Prior to answer, plaintiff filed a request for admission of facts under Article 1496 whereby he sought to have defendants admit the salient facts of his cause of action.
Within fifteen days after this request, defendants filed exceptions of no cause and no right of action, properly verified, in which they denied the salient facts alleged in plaintiff's petition. At the trial of these exceptions they were referred to the merits. Plaintiffs were permitted to prove that the request for admissions had been mailed more than fifteen days prior to the hearing, while defendants contended that the exceptions were a full and complete answer to the request. The judge nevertheless allowed defense counsel fifteen days in which to file an answer.
Later, defendants further answered the request denying the facts of which admission was requested. This answer was not allowed because not timely filed. Defendant then replied to plaintiff's motion for a summary judgment and again denied the facts of plaintiff's petition and filed affidavits and documents refuting those allegations. Nevertheless the trial judge granted the motion for summary judgment. The effect of this was to consider as admitted the facts in the request for admissions. Thus all important factual issues were resolved against defendant.
In reversing this judgment this Court said:
"We therefore conclude the trial judge erroneously granted a summary judgment in this case for, at the time the judgment was rendered, there were before the court timely filed, verified, and untried exceptions of no cause and no right of action 11 in which defendants specially
11 As pointed out above in Footnote No. 4, the Code of Civil Procedure makes no provision for any specific form to be followed in the filing of an answer to the request for admission, it being sufficient if only by affidavit in which all of the matters sought to be admitted are specifically denied."
denied plaintiffs and their ancestors in title had ever been in possession of the property in any manner, and also, that they had had possession for one year prior to the institution of the suit; the answer to the request for admissions, filed within the 15 days allowed by the trial judge, in which defendants categorically denied each and every fact sought to be admitted; the answer to the petition generally denying all of plaintiffs' allegations; and the answer to the motion for a summary judgment in which they again denied plaintiffs' possession and insisted upon a prior hearing of the exceptions, to which answer were attached verified affidavits *1331 by numerous persons asserting defendants had been in possession of the property for more than 30 years prior to the institution of the action."
Obviously the Voisin Case does not support Allstate's position. There the verified exceptions were considered by this Court to be appropriate answers to the request for admission of facts. The issues in that case were vigorously and consistently controverted. In the case at bar there is nothing in the record on Allstate's behalf except the petition and order of appeal. There is, insofar as this record is concerned, no controversy between the parties to the suit.
The language of Article 1496 is clear and unequivocal. "Each of the matters of which an admission is requested shall be deemed admitted unless . . . the party to whom the request is directed serves upon the party requesting the admission" an affidavit denying the request or objects on the grounds of privilege, relevancy or propriety. None of the conditions have been fulfilled which would prevent admission of the facts. The admissions are therefore facts of record which courts must recognize.

V
Allstate's final contention, in brief, is that a manifest injustice will result if this Court upholds the default judgment and allows plaintiff to recover on this false claim. Decedent was not covered by the accidental death provisions of the group policy at the time of his death, it is represented in brief, for he had quit his job 23 days previously.
In DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951), this Court approved the ruling of the Court of Appeal, First Circuit, in Cutrer v. Cutrer, 169 So. 807. It is to the effect that when the trial judge has refused the defendant a new trial in a default judgment case, the appellate court should not disturb that ruling, regardless of the fact that the defendant may urge in his motion that he has a valid defense to the merits, unless the defendant has shown a good excuse to the trial judge for his failure to appear and defend the suit. This showing cannot be made in brief to this court.
Further, as was said in Raphiel v. Louisiana Ry. & Nav. Co., 155 La. 590, 99 So. 459 (1924), "No court may legally set aside and avoid a judgment by default, confirmed in strict conformity with all the requirements of law, in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in furtherance of justice."
For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside, and the judgment of the trial court is reinstated and confirmed.