449 So.2d 580 (1984)
UNITED DISTRIBUTORS, INC.
v.
Franklin REDFERN.
No. 83 CA 0547.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*581 Sidney A. Cotlar, Herman, Herman & Katz, New Orleans, for plaintiff and appellee.
C.R. Whitehead, Jr., Whitehead & McCoy, Natchitoches, for defendant and appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a default judgment rendered by the trial court in favor of plaintiff, United Distributors, Inc., and against defendant, Franklin Redfern.

*582 FACTS
Plaintiff filed this suit against the defendant on January 1, 1983, alleging that the defendant, who had been in the retail furniture business in St. Mary Parish, was indebted to plaintiff for the sum of $27,251.36 plus interest, costs, and attorney's fees.
Defendant was personally served with the petition and citation on February 11, 1983. Defendant did not appear and answer the petition and plaintiff consequently entered a preliminary default on March 1, 1983, which was confirmed on March 4, 1983.
In confirming the default, plaintiff submitted as evidence of the claim itemized statements, invoices, and an affidavit of the correctness of the amount allegedly owed. Plaintiff indicates in its brief that Paul Escara, its credit manager, also testified at the hearing. However, neither party requested the clerk to transcribe Escara's testimony or to make a note of the evidence.
On the basis of the evidence submitted, the trial court rendered judgment in plaintiff's favor for the full amount of the claim, plus $6813.00 for attorney's fees (25% of the principal and interest due). From that judgment, defendant appeals, listing two assignments of error.

OPEN ACCOUNT
Defendant alleges that the trial court erred in rendering a default judgment solely on the basis of the evidence submitted, because the plaintiff's claim is not based on a mere open account indebtedness and therefore not properly the object of a default judgment under La.C.C.P. art. 1702. Defendant submits that the goods in question were sold "on consignment", as alleged in plaintiff's petition, and argues that a sale on consignment is not the same as a sale on open account for purposes of La.C. C.P. art. 1702. La.C.C.P. art. 1702 provides, in pertinent part:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required. (Our Emphasis).
Whether the goods were sold on open account is a determination to be made by the trial court. The trial judge made no written findings of fact or reasons for judgment beyond the recitation in the judgment that it was rendered upon plaintiff "producing to the Court due proof in support of the plaintiff's demands, the Court considering the law and evidence to be in favor of the plaintiff." When a default judgment contains such a recitation, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Succession of Rock v. Allstate Life Insurance Company, 340 So.2d 1325 (La.1976).
Prior to the 1983 amendment of La.R.S. 9:2781, there existed no statutory definition of open account, only the provision that it included debts incurred for professional services. In 1983, after this default was confirmed, that statute was amended, broadening the jurisprudential definition of open account under that statute and La.C. C.P. arts. 1702 and 4916.[1] That definition *583 would include the transactions in the present case under the term "open account". However, at the time this default was confirmed, a determination of whether a course of dealings constituted an open account was made by examining several factors which resulted in a more limited concept of open account than the current definition contained in La.R.S. 9:2781.
In the case of Herb's Machine Shop, Inc. v. John Mecom Company, 426 So.2d 762, 765-766 (La.App. 3rd Cir.1983), writ denied, 430 So.2d 98 (La.1983), some of the factors to be examined were listed as:
1. Whether there were other business transactions between the parties;
2. Whether a line of credit was extended by one party to the other;
3. Whether there are running or current dealings; and,
4. Whether there are expectations of other dealings.

Womack Brothers, Inc. v. Equipment Rental Services, Inc., 399 So.2d 661 (La.App. 1 Cir.1981); Monlezun v. Fontenot, 379 So.2d 43 (La.App. 3 Cir. 1979).
Certainly the fact alone that the goods were sold on consignment does not preclude these dealings from being on open account. In Goldberg v. Borenstein, 59 So.2d 172 (Orl.1952), where plaintiff sold defendant stamps on consignment, the court found that a default judgment was properly rendered based upon the introduction of evidence sufficient to prove an open account.
There is no requirement that a party confirming a default must have the testimony transcribed or a note made of the evidence introduced. When a judgment has been rendered and no note of evidence has been made, it is incumbent on the party desiring to appeal to secure a narrative in accordance with La.C.C.P. arts. 2130 and 2131. Succession of Rock, 340 So.2d at 1328. This, the defendant failed to do. Not having the benefit of a transcript or narrative of the proceedings, we can only presume that there was sufficient evidence for the trial judge to conclude that this particular arrangement between plaintiff and defendant constituted an open account under La.C.C.P. art. 1702 and accordingly, default judgment was correctly taken. Succession of Rock, 340 So.2d at 1328-1329. The documentary evidence introduced supports a judgment based on an open account.

ATTORNEY'S FEES
We find merit in defendant's argument that the trial court erred in awarding attorney's fees under La.R.S. 9:2781. That statute states in pertinent part:
A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. (Our Emphasis).
As was stated in the first assignment of error, we find enough evidence to sustain a conclusion by the trial judge that this was an open account enabling the trial judge to render a default judgment under La.C.C.P. art. 1702. However, the record reflects that the requisites of La.R.S. 9:2781 were not met. Consequently, attorney's fees were improperly allowed.
In its petition plaintiff alleges it is due attorney fees having met the requirements of La.R.S. 9:2781, by sending the letter attached to the petition. The letter makes demand on defendant for an amount shown on attached "ledger cards". Thus, we must find that plaintiff attached ledger cards to its demand letter. La.R.S. 9:2781 clearly requires a copy of the invoices accompany the letter. This statute is penal in nature and must be strictly construed. Capital Recovery Assistance, Inc. v. Nelson, 424 So.2d 357 (La.App. 2d Cir.1982). Ledger cards cannot be substituted for copies of invoices. That portion of the judgment *584 assessing attorney fees must be reversed.
For the foregoing reasons, we affirm the judgment of the trial court against the plaintiff in the amount of $27,251.36. We reverse the award of attorney's fees. All costs are to be paid by the defendant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] La.R.S. 9:2781, as amended in 1983, reads in pertinent part:

C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services.