liBYRNES, Judge.
We grant writs in order to review a decision of the trial court to grant a new trial.
Leon Robinson was found dead in Chicago. His life was insured by three $75,-000.00 policies with Trans-General Life Insurance Company. Plaintiff relator, the decedent’s widow, filed suit individually and on behalf of their minor daughter alleging nonpayment of the- insurance proceeds. Service on Trans-General was made through the Secretary of State pursuant to LSA-R.S. 22:985. It is uncontested that the Secretary of State forwarded the petition and citation ‘to, an unrelated insurance company. Accordingly, judgment by .default was rendered against Trans-General. Trans-General filed a motion for a new trial which was granted and the default judgment was vacated. Plaintiff-relator now invokes the supervisory jurisdiction of this Court to review and revoke the judgment setting aside the default judgment.
Plaintiff-relator relies on the following pronouncement from Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325, 1328 (La:i976):
As the lawful attorney acting for the insurer the Secretary of State has received a valid service of process; and his failure, if such be the case, to forward a copy of the process to the insurer is chargeable to the insurer to whom he owed the duty. Whatever may be Rthe omission or default of 'the Secretary of State, after a party had done all that is required of him to obtain legal service, the omission or default, if any there be, is chargeable to the party whom he represents.
In support of this proposition the Succession of Rock court then cited two cases from foreign jurisdictions.
First, wé note that the appeal in Succession of Rock was not from a decision to grant a new trial. The question of whether to grant a new trial is one particularly within the discretion of the trial court. Iberville Bank & Trust Co. v. Zito, 169 La. 421, 125 So. 435, 436 (1929). Cases in which the default judgment is sought to be set aside on appeal are inapposite. Id.[1] For this reason, DeFrances v. Gauthier, 220 La. 145, 55 So.2d *230 896 (La.1951) which is quoted from in Succession of Rock, is likewise inapposite.
Second, we note that the language about service on the Secretary of State in Succession of Rock is purely dicta because the court in that case noted that the insurer in that case did not allege that the Secretary of State did not forward a copy of the process to the insurer. The insurer merely alleged that no proof of having done so was in the record. The court in Succession of Rock went on to state that it was highly improbable that the Secretary of State had failed to forward a copy of the process to the insurer based on the facts of that case. In the instant case the record is clear that the Secretary of State failed to forwardjjthe process to the proper insurer. Under the facts of the instant case this Court does not feel bound by the dicta in Succession of Rock and finds no abuse of the trial court’s discretion in its decision to grant' a new trial.
This Court does not suggest that this decision be given the broadest possible application. We recognize that it could be argued that the delay for a new trial never runs where the process is sent by the Secretary of State to the wrong insurer and/or that such service would be an absolute nullity. This could make it very difficult, if not impossible, for a plaintiff to ever have confidence in a default judgment obtained against a foreign insurer based on service through the Secretary of State. This Court in this decision has not decided those issues one way or the other. This decision should be read as one strictly limited to a finding that based on the facts of this case, we cannot say that the trial court abused its discretion in granting Trans-General’s request for a new trial.
For the foregoing reasons, the relief requested by the applicant is denied and the judgment of the trial court granting Trans-General a new trial is affirmed.

WRIT GRANTED; RELIEF DENIED; JUDGMENT AFFIRMED.

. There is language in the Iberville Bank case that superficially might be read to imply that once the judgment in the trial court is signed the discretion of the trial court to grant a new trial ceases where a default is concerned. In Iberville Bank the defendant moved for a new trial after the time the judgment was rendered, but before it was signed. However, at the time the Iberville Bank case was decided the law still drew a significant distinction between the rendition and signing of the judgment. (See the discussion at the beginning of "Chapter 3. Rendition” preceding LSA-C.C.P. art. 1911.) That distinction has since been eliminated. A careful reading of the Iberville Bank case results in the conclusion that the point that the court was trying to make is that the Court of Appeal does not have the same discretion to grant ,a, new trial that the trial judge has. Applying the reasoning of the Iberville Bank case to the current law regarding the signing and *230 rendition of judgments supports the exercise of the discretion by the trial court in the instant case.