736 So.2d 893 (1999)
EREUNAO OIL & GAS, INC., Plaintiff-Appellee,
v.
Johnnie NORTHERN and Winnie Northern, Defendants-Appellants.
No. 98-1239.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
*894 Charles M. Fife, III, Lafayette, for Ereunao Oil & Gas, Inc.
Charles Raymond Whitehead, Jr., Natchitoches, for Johnnie Northern and Willie Northern.
Before DOUCET, C.J., DECUIR, and PETERS, Judges.
DECUIR, Judge.
Defendants, Johnnie and Winnie Northern, appeal a default judgment entered against them in favor of Ereunao Oil & Gas, Inc. For the reasons that follow, we reverse.

FACTS
On November 27, 1995, the Northerns executed a standard Bath-O-Gram royalty deed covering an 18.25 acre tract of land owned by the Northerns. According to the terms of the agreement, the Northerns transferred 10 royalty acres for the stated price of one hundred dollars and other valuable consideration. The form was substantially altered by the parties to include language limiting the conveyance to those acres included in the proposed D-4 RB SUA, West Starks Field Unit and requiring the Northerns to take whatever curative measures necessary to fulfill the intent of the parties.
The unit was subsequently formed and, depending on which statement by the plaintiff is considered accurate, included *895 either 1 or 1.477 royalty acres from the Northerns' tract. On August 23, 1996, Ereunao sent a certified letter to the Northerns demanding the refund of $17,046.00 of an alleged $20,000.00 payment made for the full 10 royalty acres. The certified letter was received by Mary Northern, an unidentified relative.
The Northerns did not respond and Ereunao filed suit alleging that only one acre of the ten was included in the unit and seeking the refund of $18,000.00. Domiciliary service was received by the Northerns' son, Charlie Northern, on April 10, 1997. On May 15, 1998, Ereunao requested and was granted a preliminary default against the Northerns. Ereunao confirmed the default on June 1, 1998. On June 6, 1998, domiciliary service of the judgment was made on Carolyn Hollingsworth, relationship unknown, at Johnnie Northern's last address. Service was not made on Winnie Northern because she was no longer at the address. On July 14, 1998, the Northerns filed a motion for devolutive appeal which was granted on August 22, 1998.

LAW AND DISCUSSION
On appeal, the Northerns contend that the trial court erred in confirming the default judgment because Ereunao failed to produce relevant and competent evidence to establish a "prima facie" case. We agree.
Ereunao argues vociferously that the Northerns have failed to allege and prove good reasons for their failure to appear and, therefore, may not seek to have the default judgment set aside. The jurisprudence on this point is somewhat murky. In De Frances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951), and Succession of Rock v. Allstate Life Insurance Co., 340 So.2d 1325 (La.1976), the supreme court held that a party seeking to have a default judgment set aside must allege and prove good reasons for his failure to timely plead. However, in Thibodeaux v. Burton, 538 So.2d 1001, 1006 (La.1989), the supreme court noted that the defendant "failed to timely answer the petition and has presented no reasonable excuse for its failure." Despite three dissents on this very issue, the court set aside the default judgment, stating that "the interests of justice require a new trial." Id. at 1006. Since the court declined to specifically overrule De Frances and Succession of Rock, we can only conclude that Thibodeaux carved out an "interest of justice" exception to the general rule that a party seeking to overturn a default judgment must account for his failure to appear. In Thibodeaux, the court's "interest of justice" concern was predicated in part on the quality of the plaintiffs prima facie case. Therefore, we cannot determine whether the Northerns' failure to account for their nonappearance is fatal to their attempt to overturn the default judgment without first examining the plaintiffs submitted evidence.
An appellate court's review of default judgments is limited to a determination of whether the record contains sufficient evidence to prove a prima facie case. Thibodeaux, 538 So.2d 1001. We note the general policy consideration weighing in defendants' favor, that every litigant should be allowed his day in court. Pickett v. Marchand, 544 So.2d 683 (La.App. 3 Cir.1989). This is balanced by the fact that the plaintiff has the benefit of a presumption that the default judgment is supported by sufficient evidence. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La.1993). However, the presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972).
The plaintiff must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant in order to obtain a default judgment. Thibodeaux, 538 So.2d *896 1001. "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on the merits." Id. at 1004.
In this case, the only evidence presented by Ereunao was (1) a demand letter alleging a payment of $20,000.00 dollars to the defendants and demanding a refund of $17,046.00; (2) a royalty deed indicating the sale of up to 10 royalty acres for $100.00 and other valuable consideration; and (3) an affidavit by Ereunao's president alleging that the Northerns breached their contractual duty, that demand had been made and that the Northerns owed $18,000.00 on the contract.
There is no evidence in the record that the Northerns received $20,000.00 as payment for the royalty acres sold. The contract itself does not state that the consideration was $20,000.00 or that the sale was based on a designated dollar amount for each royalty acre. The affidavit of Ereunao's president does not confirm the payment of $20,000.00 to the Northerns and states a refund amount different than that in the demand letter. Thus, the only evidence of a debt on the part of the Northerns is the demand letter and a self-serving affidavit, both of which were prepared by Ereunao's president.
Accordingly, we find that Ereunao failed to establish its prima facie case. "A default judgment rendered without proof of the demand sufficient to establish a prima facie case must be set aside." Evangeline Employment Serv. v. Decuire, 340 So.2d 1113, 1114 (La.App. 3 Cir.1976). Moreover, given the relative sophistication of the parties, and the conflicting and self-serving evidence presented by Ereunao, we find that the default judgment must be set aside in the "interest of justice." Therefore, the Northerns failure to account for their nonappearance is not fatal to their claim. See Thibodeaux, 538 So.2d 1001.
For the foregoing reasons, the default judgment is vacated and set aside and the case is remanded to the district court for further proceedings consistent with this opinion. All costs of this appeal are taxed against plaintiff-appellee, Ereunao Oil & Gas, Inc.
REVERSED AND REMANDED.