STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1281 consolidated with CW 10-918


ROGER CLARK

VERSUS

DANNY CLARK AND GREAT LAKES REINSURANCE (UK), PLC


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2009-3958
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**REVERSED IN PART; MOTION FOR NEW TRIAL GRANTED AND MADE PEREMPTORY; DEFAULT JUDGMENT REVERSED AND VACATED IN PART; REMANDED.**


James A. Rowell
Travis L. Bourgeois
Degan, Blanchard & Nash
400 Poydras Street, Suite 2600
New Orleans, LA   70130
(504) 529-3333
COUNSEL FOR DEFENDANT/APPELLANT:
    Great Lakes Reinsurance (UK), PLC

Joseph H. Jolissaint
201 Napoleon Street
Baton Rouge, LA   70802
(225) 757-5600
COUNSEL FOR PLAINTIFF/APPELLEE:
    Roger Clark

AMY, Judge.

The plaintiff brought suit against his son and his son's alleged homeowner's insurer for injuries sustained in a fall at the son's home. The trial court confirmed a default judgment against both defendants. The insurer sought a new trial asserting that it had not been served with the original suit. The trial court denied the motion. The insurer appeals. For the following reasons, we reverse the denial of the motion for new trial and enter judgment granting the motion for new trial. We further reverse and vacate the default judgment in part and remand.

## Factual and Procedural Background

Roger Clark filed this matter in August 2009 alleging that he sustained physical injuries while assisting his son, Danny Clark (Danny) in unloading a generator from the back of a pickup truck while at Danny's home. The petition alleges that the injuries occurred while the plaintiff "was moving the generator along a ramp out of the back of a pickup truck on a ramp, . . . [Danny] turned his wheelchair around coming in contact with the ramp." The petition further provides that when the wheelchair "came in contact with the ramp it knocked the ramp out from under the plaintiff causing him and the generator to fall to the ground." The plaintiff asserted that he sustained serious shoulder injuries requiring ongoing treatment. The plaintiff named Danny and his purported homeowner's insurer, "Great Lakes Reinsurance Company" (Great Lakes) as defendants.

However, the defendants did not answer the petition, resulting in a preliminary default being entered in January 2010. With regard to the insurer, the motion for preliminary default asserted that "the defendant, Great Lakes Reinsurance Company, was served with the Petition for Damages through the Secretary of State on August

31, 2009." The citation with service information for the insurer was attached to the motion.[1]

Following a February 5, 2010 hearing, at which the plaintiff presented evidence, the trial court confirmed the preliminary default and rendered judgment "in favor of the plaintiff and against the defendants[.]"[2] It awarded the plaintiff $225,000.00 in general damages and $16,995.00 in special damages. The trial court signed the judgment on February 8, 2010. The Notice of Signing of Judgment indicates that "on the 8th day of Feb 2010, a Judgment was signed in the case and a certified copy mailed to all counsel of record and unrepresented parties on the 8th day of Feb 2010."

Thereafter, on May 26, 2010, Great Lakes, appearing as Great Lakes Reinsurance (UK) PLC, filed a motion for new trial. It asserted that a new trial was appropriate since, it alleged, it did not receive notice of the suit until Danny's insurance agent forwarded a copy of the default judgment and notice of signing of judgment. Thus, it argued that it had no opportunity to defend itself. Furthermore, it contended that the damages awarded exceeded the limits of the policy issued to Danny. Great Lakes also filed an answer at that time, acknowledging that it is a foreign corporation which may be served through the Louisiana Secretary of State. It conceded that it issued a policy to Danny, but alleged that its policy limits were

---

[1] The Notice of Service provides, in part, as follows:

*Date of Service*: *TUESDAY, AUGUST 25, 2009*
Personal/Domiciliary:     PERSONAL ON GREAT LAKES REINSURANCE COMPANY THROUGH THE SECRETARY OF STATE'S OFFICE

The record also contains a Certificate of Deputy Clerk of Court certifying that service was made on "Great Lakes Reinsurance Company" through the "Secretary of State" on August 25, 2009."

[2] The judgment does not enter judgment against the defendants by name.

insufficient to satisfy the damages awarded in the default judgment. Great Lakes advanced other defenses as well, pointing to a policy exclusion and notice provisions that it alleged could preclude coverage. It also urged claims of prescription and comparative fault.

Following a hearing, the trial court denied the motion for new trial "on the merits." Thereafter, Great Lakes sought and obtained a suspensive appeal from the February 8, 2010 default judgment and the July 13, 2010 judgment denying its motion for new trial.[3] Great Lakes questions the correctness of each judgment in its brief to this court.[4]

## Discussion

*Default Judgment*

Great Lakes contends, in part, that the default judgment must be vacated and set aside, chiefly because it "was never legally served with citation of the instant lawsuit." We address this issue in consideration of the denial of the motion for new trial. However, Great Lakes further questions the sufficiency of the plaintiff's evidence presented in support of the default judgment.

Louisiana Code of Civil Procedure Article 1701(A) provides that "[i]f a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him." This judgment "may be obtained by oral motion in open court or by written motion mailed by the

---

[3] Great Lakes also filed an application for supervisory writs seeking review of these judgments. These matters were consolidated for review. For disposition of the companion writ application, *see Roger Clark v. Danny Clark and Great Lakes Reinsurance Company*, 10-918 (La.App. 3 Cir. _/_/11), __ So.3d __.

[4] These dates make it appear that the motion for new trial was untimely. It would seemingly follow that this appeal would be untimely as well. However, as explained below, the date of service of the judgment on Great Lakes is unclear in the record. We consider both the motion for new trial and the resulting appeal as timely.

3

court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes." *Id.* Thereafter, and in pertinent part, the default judgment may be confirmed as follows:

> A.	A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. . . .

> B.	(1)	When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.

> (2)	When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.

> . . . .

> D.	When the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony.

La.Code Civ.P. art. 1702. Insofar as Article 1702 requires that a default judgment be confirmed through the introduction of proof of the demand, it is similar to a trial. *See Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111 (La. 5/5/09), 9 So.3d 815. On appeal, review of a default judgment "is restricted to determining the sufficiency of the evidence offered in support of the judgment." *Id.* at 818. This determination is subject to the manifest error standard of review. *Id.*

The default judgment awarded general damages in the amount of $225,000.00 and special damages totaling $16,995.00 collectively against "the defendants."

However, the plaintiff's evidence entered in support of the default judgment conflicts with the judgment insofar as Great Lakes' liability is concerned. With regard to insurance coverage, the plaintiff submitted only a declaration page from the policy at issue and an attached policy coverage disclosure summary. The declaration page evidences a limit of liability in the amount of $100,000.00 for personal liability and medical payments in the amount of $500.00 per person and $25,000.00 per person. This document, alone, was insufficient to impose liability against the insurer.

In *Arias*, 9 So.3d 815, the supreme court addressed a default judgment entered against a liability insurer. It referenced several portions of La.R.S. 22:1269, which provides for an insured's right of direct action against a liability insurer. It noted that the statute affords such a right to sue "within the terms and limits of the policy." *Id.* at 823, *quoting* La.R.S. 22:1269. Accordingly, the supreme court concluded that, even in a case in which the insurer has answered the petition and denied liability, "the terms and conditions of the insurance policy are part of the principal basis for the claims and critical to establishing a prima facie case of the insurer's liability[.]" *Id.* In *Arias*, a plaintiff's memorandum of insurance and accompanying correspondence were found to insufficiently disclose the terms and conditions of the policy so as to constitute a prima facie case of coverage and liability of the insurer in the absence of the policy itself. *Id.*

While the plaintiff did not submit the Great Lakes insurance policy in support of the default judgment, he contends that the judgment was supported by evidence other than the actual policy and cites *Succession of Rock v. Allstate Life Ins. Co.*, 340 So.2d 1325 (La.1976) for that proposition. Indeed, the supreme court, in *Succession of Rock*, upheld the default judgment before it even though the actual insurance policy

5

was not submitted. However, and as specifically explained in *Arias*, 9 So.3d at 824, the exception carved out by the *Succession of Rock* is applicable in "those limited instances where the admission of all essential contract provisions upon which a suit is based has been requested of the opposing party and, upon that party's failure to answer, they have been deemed admitted."

The exception enunciated in *Succession of Rock*, 340 So.2d 1325, is not applicable in this case. The plaintiff in that case was able to rely on unanswered requests for admissions as proof of the essential elements of the claim at issue. *Id.* However, the record in this case is slim, containing no requests for admissions that could be construed as admitting coverage in this case. We find no merit in the plaintiff's contention that Great Lakes' answer and Great Lakes' submission of the insurance policy at issue should be construed as satisfying the plaintiff's evidentiary burden of proving coverage within the terms and conditions of the policy at issue. Instead, these items were not filed into the record until Great Lakes filed its motion for new trial. Certainly, the trial court could not have relied on these at the time the default judgment was entered. The plaintiff cannot, after default judgment was entered, rely on those documents.

Additionally, the plaintiff's own evidence weighed against the default judgment insofar as it was entered against Great Lakes. As stated above, the declaration page revealed limits less than the amount of the judgment. Further, a three-page "Homeowners Insurance Policy Coverage Disclosure Summary" included in the exhibit specifically states that the insured must refer to the "insurance policy for complete policy terms and provisions[.]" Although the document lists flood and mold as "limitations or exclusions under this policy[,]" it further directs as follows:

6

"For all other limitations or exclusions refer to your policy for complete details on terms and provisions." Thus, the insurance policy was necessary in order for the plaintiff to satisfy its evidentiary burden for a finding of liability against Great Lakes as he was required to prove the terms and limits of the Great Lakes policy.

For this reason, we find that the trial court was manifestly erroneous in entering judgment against the insurer.[5] We find that this error further warranted the granting of Great Lakes' motion for new trial, as discussed below.

*New Trial*

Great Lakes' sought a new trial under both La.Code Civ.P. arts. 1972 and 1973. Article 1972 provides peremptory grounds for a new trial, instructing the trial court that: "A new trial shall be granted, upon contradictory motion of any party . . . [w]hen the verdict or judgment appears clearly contrary to the law and the evidence." Further, Article 1973 provides the discretionary grounds for the granting of a new trial and states that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."

As explained above, the judgment appears clearly contrary to the law and evidence insofar as it cast Great Lakes in judgment absent the relevant policy and did so in an amount exceeding the only evidence of the policy limits. Thus, the trial court erred in failing to grant a new trial pursuant to La.Code Civ.P. art. 1972.

Additionally, and with regard to Article 1973, the lack of clarity in the citation and service of the pertinent documents to Great Lakes warranted a new trial. The record indicates that service of the petition was made on "Great Lakes Reinsurance

---

[5] The other defendant cast in judgment, Danny Clark, did not appeal the default judgment entered against him. We do not consider the correctness of the trial court's entry of the default judgment against him. The disposition of this matter does not disturb that portion of the default judgment insofar as it relates to him.

7

Company" through the Secretary of State. The insurer is listed as such in the plaintiff's petition even though the declarations page submitted by the plaintiff into evidence clearly bears the name: "Great Lakes Reinsurance (UK) PLC." Great Lakes appeared under this latter name at the time it filed its answer and its motion for new trial.

Also, in support of its motion for new trial, Great Lakes submitted the affidavit of the Deputy Manager of its claims agent who stated that, although procedures were in place which resulted in lawsuits being served on the insurer being forwarded to him for action, he "never received service of citation or the petition in this lawsuit." Instead, he explained that he "was not aware of this lawsuit's existence until 30 April, 2010, when [he] received a copy of the petition that had been faxed to Great Lakes Reinsurance by Danny Clark's insurance agent." He explained that, immediately thereafter, he contacted "U.S. legal counsel and forwarded the petition to them."

This problem is compounded as the record fails to establish that the default judgment was ever appropriately served on Great Lakes. This issue also becomes relevant when considering the timeliness of the motion for new trial and, in turn, the timeliness of this appeal. Louisiana Code of Civil Procedure Article 1974 provides that the seven-day "delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." According to Article 1913(B), when the original citation and service of the action is through the Secretary of State, as was presumptively effectuated in this case, notice of the signing of the default judgment shall be made "by service on the secretary of state." Yet, the record does not indicated that this service was made. While the notice of signing the default judgment indicates that a

8

certified copy of the judgment was "mailed to all counsel of record and unrepresented parties[,]" it bears only one listing under the "copies sent" portion of the notice: "Joseph Jolissaint." The record indicates that Mr. Jolissaint represented the plaintiff in the court below, as he does before this court. There is no further indication that service of the judgment was made on Great Lakes through the Secretary of State.

The plaintiff contended in his opposition to the motion for new trial that the motion was untimely because "Notice of the signing of the Judgment was provided to the defendant by Certified Letter to Great Lakes Reinsurance Company through the Secretary of State which was signed for on April 22, 2010 by Tara Pascal with the Secretary of State's office." In this regard, the plaintiff attached a April 21, 2010 cover letter from plaintiff's counsel to Great Lakes purportedly forwarding the default judgment. The certified mail receipt indicates that it was signed by "Tara Pascale." However, other than the plaintiff's assertion in its opposition, the record contains no evidence linking this service to the Secretary of State's office. Further, this letter, purportedly served on Great Lakes, is dated well over two months after the signing of the default judgment.

In addition to the ill-defined service and citation demonstrated in the record, Great Lakes alerted the trial court through its motion for new trial and its answer that the judgment arguably exceeded the policy limits and that it would urge coverage and comparative liability issues in a new trial. When considered collectively, these factors indicate that the trial court abused its discretion in denying the motion for new trial pursuant to La.Code Civ.P. art. 1973.

9

For these reasons, we reverse the denial of the motion for new trial and grant the motion. Further, we reverse and vacate the default judgment in part insofar as it cast judgment against Great Lakes. We remand for a new trial against Great Lakes.

## DECREE

For the foregoing reasons, the judgment denying the motion for new trial of the appellant, Great Lakes Reinsurance (UK) PLC, dated July 13, 2010 is reversed and judgment granting that party's motion for new trial is entered.

The default judgment, dated February 8, 2010, is reversed and vacated to the extent that it entered judgment against the appellant. The remainder of the default judgment, insofar as it relates to the remaining defendant, Danny Clark, is left undisturbed.

This matter is remanded for a limited new trial on the issue of the liability of Great Lakes Reinsurance (UK) PLC under the judgment and the extent thereof. All costs of this proceeding are assessed against the plaintiff, Roger Clark.

**REVERSED IN PART; MOTION FOR NEW TRIAL GRANTED AND MADE PEREMPTORY; DEFAULT JUDGMENT REVERSED AND VACATED IN PART; REMANDED.**