NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1183

CYNTHIA BRIDGES, SEC. DEPT. OF REV., STATE OF LOUISIANA

VERSUS

RONALD G. LYLES

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 212,728
HONORABLE GEORGE CLARENCE METOYER, JR. DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Jimmie C. Peters, Judges.

AFFIRMED.

Donald Wilson
Gaharan & Wilson
P. O. Box 1346
Jena, LA 71342
(318) 992-2104
Counsel for Defendant/Appellee:
Ronald G. Lyles

Leslie C. Strahan
Attorney at Law
617 N. 3rd St.
Baton Rouge, LA 70802
(225) 219-2080
Counsel for Plaintiff/Appellant:
Cynthia Bridges, Sec. Dept. of Rev., State

**SAUNDERS, Judge.**

This is an income tax case. The Louisiana Department of Revenue (the LDR) filed suit against a former employee of a defunct Limited Liability Company (L.L.C.) alleging that the taxpayer was responsible for the defunct L.L.C.'s outstanding state sales and withholding taxes under La.R.S. 47:1561.1. The employee did not answer the suit, and a default judgment was awarded and confirmed in favor of the LDR. After having been served the confirmed default judgment, the employee timely filed a motion for new trial.

When the motion for new trial was finally heard by the trial court, it was granted in the interest of justice. The LDR appealed. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

Louisiana Boating Center (LBC) was an L.L.C. authorized to do and doing business in the State of Louisiana. Ronald G. Lyles (Lyles) was an employee of LBC who was also listed as a member. Lyles contends that he was a boat mechanic who was fired by LBC on December 1, 2000. Thereafter, LBC ceased doing business in March of 2001.

According to the LDR, LBC owed approximately $54,000.00 in unpaid state sales and withholding taxes. As authorized by La.R.S. 47:1651.1, the LDR filed suit on April 8, 2003, against Lyles for the balance it was owed by LBC. Louisiana Revised Statutes 47:1651.1 permits an officer of a corporation or a member of an L.L.C. to be held liable for taxes owed by the business under specific conditions.[1]

---

[1] Louisiana Revised Statutes 47:1561.1 states:

> A. Notwithstanding any other provision of law to the contrary, if any corporation, limited liability company, or limited partnership fails to file returns or to remit the income taxes withheld from the wages of its employees under Chapter 1 of Subtitle II of this Title, or if any corporation, limited liability company, or limited partnership fails to file returns or to remit the sales and use taxes collected from purchasers or consumers under Chapters 2, 2-A, and 2-B of Subtitle II of this Title, the secretary is authorized, as an alternative means of enforcing collection, to hold those officers

Lyles did not respond to the petition. According to Lyles, he did not do so because he believed that he was in no way responsible for the taxes given that he was simply a boat mechanic for LBC and had no authority to pay or withhold any taxes on behalf of LBC. On May 21, 2003, the LDR filed a motion for preliminary default which was granted. Thereafter, the default judgment was confirmed and served upon Lyles on August 5, 2003. Once Lyles received the judgment, he hired legal counsel and filed a motion for new trial on August 6, 2003.

No action was taken by either party until December 5, 2008, when the LDR filed a motion for dismissal on the grounds of abandonment. This motion was granted; however, the LDR had that judgment set aside.

On April 29, 2009, Lyles filed a motion and order refixing hearing on his motion for a new trial. After several delays, a hearing was finally held on Lyles' motion for new trial on June 14, 2010. After the hearing, the trial court set aside the LDR's default judgment and granted Lyles' motion for new trial. The LDR appealed this judgement and alleged two assignments of error.

**ASSIGNMENT OF ERRORS:**

1.   Did the trial court err by setting aside the LDR's confirmed default judgment?

---

or directors, or those managers or members as defined in R.S. 12:1301(12) and (13), having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes and who willfully fail to remit or account for such taxes withheld or collected, personally liable for the total amount of such taxes withheld or collected, and not accounted for or not remitted, together with any interest, penalties, and fees accruing thereon. Collection of the total amount due may be made from any one or any combination of such officers or directors, or managers or members as defined in R.S. 12:1301(12) and (13), who willfully fail to remit or account for such taxes withheld or collected, by use of any of the alternative remedies for the collection of taxes as provided in R.S. 47:1651.

B. A corporation, limited liability company, or limited partnership by resolution of the board of directors or members may designate an officer or director, or a manager or member as defined in R.S. 12:1301 (12) and (13), having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes, and such resolution shall be filed with the secretary of state.

2.    Did the trial court err by granting Lyles' motion for new trial?

**ASSIGNMENT OF ERROR NUMBER ONE:**

The LDR contends in its first assignment of error that the trial court erred by

setting aside its confirmed default judgment. We do not agree.

> An appellate court's review of default judgments is limited to a
> determination of whether the record contains sufficient evidence to
> prove a prima facie case. *Thibodeaux* [*v. Burton*, 538 So. 2d 1001
> (La.1989)]. We note the general policy consideration weighing in
> defendants' favor, that every litigant should be allowed his day in court.
> *Pickett v. Marchand*, 544 So.2d 683 (La.App. 3 Cir. 1989). This is
> balanced by the fact that the plaintiff has the benefit of a presumption
> that the default judgment is supported by sufficient evidence. *Sessions
> & Fishman v. Liquid Air Corp.*, 616 So.2d 1254 (La.1993). However,
> the presumption does not attach when the record upon which the
> judgment is rendered indicates otherwise. *Ascension Builders, Inc. v.
> Jumonville*, 262 La. 519, 263 So.2d 875 (1972).
>
> The plaintiff must establish the elements of a prima facie case
> with competent evidence, as fully as though each of the allegations in
> the petition were denied by the defendant in order to obtain a default
> judgment. *Thibodeaux*, 538 So.2d 1001. "In other words, the plaintiff
> must present competent evidence that convinces the court that it is
> probable that he would prevail on the merits." *Id*. at 1004.

*Ereunao Oil & Gas, Inc. v. Northern*, 98-1239, pp. 3-4 (La.App. 3 Cir. 2/3/99), 736

So.2d 893, 895-96.

In the case before us, the LDR's sole argument that the trial court erred in

setting aside its default judgment is that Lyles cannot seek to have the default

judgment set aside because he presented the trial court with no good reason for his

failure to appear or plead. This court addressed this argument in *Ereunao Oil & Gas,*

*Inc.*, 736 So.2d 893, 895, where we stated:

> Ereunao argues vociferously that the Northerns have failed to
> allege and prove good reasons for their failure to appear and, therefore,
> may not seek to have the default judgment set aside. The jurisprudence
> on this point is somewhat murky. In *De Frances v. Gauthier*, 220 La.
> 145, 55 So. 2d 896 (1951), and *Succession of Rock v. Allstate Life
> Insurance Co.*, 340 So.2d 1325 (La.1976), the supreme court held that

3

a party seeking to have a default judgment set aside must allege and prove good reasons for his failure to timely plead. However, in *Thibodeaux v. Burton*, 538 So.2d 1001, 1006 (La.1989), the supreme court noted that the defendant "failed to timely answer the petition and has presented no reasonable excuse for its failure." Despite three dissents on this very issue, the court set aside the default judgment, stating that "the interests of justice require a new trial." *Id.* at 1006. Since the court declined to specifically overrule *De Frances* and *Succession of Rock*, we can only conclude that *Thibodeaux* carved out an "interest of justice" exception to the general rule that a party seeking to overturn a default judgment must account for his failure to appear.

As is clear from the *Ereunao* case, this court has recognized an interest of justice exception when dealing with setting aside default judgments. Thus, the argument raised by the LDR that Lyles could not properly seek to have the default judgment set aside because he did not have a good reason for his failure to plead or appear is not correct. Lyles can have the LDR's default judgment set aside if he can show that such is dictated in the interest of justice.

The *Ereunao* court went on to find that the default judgment in that case was not entitled to the presumption that it was supported by sufficient evidence because the record indicated otherwise. Thereafter, the *Ereunao* court vacated the default judgment that was granted at the trial level.

Here, the LDR's default judgment is based solely upon a self-serving affidavit of a LDR employee stating that Lyles was liable to the LDR under La.R.S. 47:1561.1. However, we find no other evidence in the record that Lyles had "direct control or supervision" to pay taxes on behalf of LBC or that Lyles had "the responsibility of filing such returns and remitting such taxes" as required under La.R.S. 47: 1651.1. Thus, we are not convinced that the LDR has established each element of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by Lyles, nor are we convinced that it is probable that the LDR

4

would prevail on the merits. *Thibodeaux*, 538 So.2d 1001. Accordingly, we find no error by the trial court in setting aside the default judgment.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In its second assignment of error, the LDR contends that the trial court erred in granting Mr. Lyles' Motion for New Trial. We find that this contention is without merit.

The trial court's discretion is *virtually unlimited* in granting a new trial when it is convinced that a miscarriage of justice has resulted. *Johnson v. Missouri Pacific R.R. Co.*, 00-980 (La.App. 3 Cir. 7/25/01), 792 So.2d 892. The standard of review applicable when a trial court grants a motion for new trial is an abuse of that virtually unlimited discretion. *Id.* However, this virtually unlimited discretionary power to grant a new trial is to be exercised with caution, as a successful litigant is entitled to the benefits of a favorable jury verdict. *Id.*

Louisiana Code of Civil Procedure Article 1973 states, "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." According to our review of the transcript in the record, the trial court set aside the LDR's default judgment and granted Lyles' motion for a new trial in the interest of justice. Thus, the burden is on the LDR to show how the trial court abused its nearly unlimited discretionary power to do so.

The LDR's arguments here are identical to that which it raised in Assignment of Error Number One, that the default judgment was supported by a fair interpretation of the evidence and that Lyles cannot seek to have the default judgment set aside because he presented the trial court with no good reason for his failure to appear or plead. We have already found this argument lacking in merit.

5

Moreover, we find no abuse of the trial court's discretion in reaching the conclusion that the interest of justice dictates that the LDR's default judgment be set aside and Lyles' motion for new trial granted. Lyles timely filed a motion for new trial and, as we stated above, the LDR's default judgment was based on a single, self-serving affidavit of one of its employees.

We note that the trial court's decision did not result in the LDR losing any rights to collect taxes, nor is Lyles requesting that he bypass our entire system of justice and simply be absolved from paying LBC's taxes. Rather, Lyles is asking to have his day in court. It is true that Lyles has had the opportunity to present his defense, and he failed to do so. However, if the defense that Lyles alludes to in his brief has merit, he would be subjected to a significant burden not his own due to his blind faith that our legal system would reach a conclusion favorable to him without his input. The legal system is not a contest to be won or lost merely because one party is more vigilant. Justice must prevail, and, here, that end is best served by both parties putting forth evidence to resolve the disputed issues.

**CONCLUSION:**

The LDR presents two issues for review. We addressed each issue presented finding no error by the trial court in its judgment. All costs of this appeal are taxed to the LDR.

**AFFIRMED.**

6