448 So.2d 893 (1984)
Judy Kay MOUTON, Plaintiff-Appellee,
v.
Lionel J. MOSLEY, Defendant-Appellant.
No. 83-634.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
*894 Cline, Miller & Richard, Larry Thomas Richard and Floyd LeBleu, Rayne, for defendant-appellant.
Edwards, Stefanski & Barousse, Russell K. Zaunbrecher, Crowley, for plaintiff-appellee.
Before GUIDRY, FORET and CULPEPPER,[*] JJ.
GUIDRY, Judge.
On September 8, 1982, Judy Kay Mouton filed this suit against Lionel J. Mosley for a declaration of paternity and for child support. Personal service was made on defendant on September 10, 1982. Plaintiff entered a preliminary default against defendant on February 17, 1983. Thereafter, on February 24, 1983, the matter was heard by the trial court on confirmation of default. On that date, judgment was rendered in favor of plaintiff and against defendant, declaring Lionel Mosley to be the father of La Neese Mouton and awarding child support to Judy Kay Mouton in the amount of $300.00 per month. This judgment was signed on March 3, 1983.
On March 16, 1983, defendant filed an application for a new trial. The trial court fixed this application for hearing on May 16, 1983. Prior to a hearing on this application and on May 10, 1983, upon motion of defendant, an order of appeal was entered, granting an appeal from the judgment of March 3, 1983. A hearing was nonetheless had on the motion for new trial with a judgment being rendered denying the motion as untimely.
On appeal, defendant first contends that the trial judge erred in holding that plaintiff's motion for new trial was untimely and in failing to grant a new trial. In this regard, we note that the jurisdiction of the trial court was divested upon the granting of the order of appeal, and thereafter the trial judge was without jurisdiction to grant or deny a new trial. LSA-C.C.P. Art. 2088. We conclude that defendant's motion for new trial was effectively waived or abandoned when, on defendant's motion, the order of appeal was entered.[1]
Defendant's next contention that this court should annul the judgment of the trial court for alleged ill practices or improper procedure is also without merit.[2] An action to annul a judgment must be brought in the trial court. LSA-C.C.P. Art. 2006.
The remaining issue is whether defendant is entitled to a reversal of the default judgment. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. Art. 1702. In the instant case, no note of evidence was taken on the confirmation of the default. A party confirming a default is not required to have a note made of the evidence introduced. However, if no note of evidence is taken, it is incumbent on the appellant to secure a narrative in accordance with LSA-C.C.P. Arts. 2130 and 2131. Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976). This was not done. Therefore, we consider this appeal on the record before us.
Where, as in the present case, there is no note of evidence and the judgment recites that plaintiff has produced due proof in support of its demand and that the *895 law and evidence favor plaintiff and are against defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Succession of Rock v. Allstate Life Ins. Co., supra.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc.
[1] We nonetheless note that the record reflects defendant's application for new trial was in fact untimely. LSA-C.C.P. Art. 1974.
[2] These allegations appear only in appellant's brief and are not evidenced by the record.