520 So.2d 1039 (1987)
Robert STRANGE, et ux., Plaintiffs-Appellees,
v.
IMPERIAL POOLS, INC., et al., Defendants-Appellants.
No. 86-1110.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Writ Denied January 29, 1988.
*1040 Downs & Downs, James C. Downs, Alexandria, for plaintiffs-appellees.
Stafford, Stewart & Potter, Bradley J. Gadel, Alexandria, for defendants-appellants.
Before FORET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Imperial Pools, Inc. and The Vinyl Works, Inc., both non-resident defendants, appeal a default judgment rendered against them in favor of Robert Strange and Jean Graves Strange, husband and wife. The judgment found the defendants liable in solido in the amount of $30,500 as a reduction in price and damages for a swimming pool kit and liner manufactured by defendants and purchased by plaintiffs in July 1982 from Terry L. Brown. The judgment also cast defendants for plaintiffs' attorney's fees in the amount of $3,500, and costs. The appeal raises three issues: (1) an exception of prescription of one year filed in this Court; (2) whether the trial court abused its discretion in denying a motion for a new trial; and (3) whether the default judgment was obtained by sufficient competent evidence.

FACTS
Plaintiffs, residents of Rapides Parish, purchased a Series 900 swimming pool kit and a vinyl liner from Terry L. Brown, d/b/a Terry's Pools, in August 1979. Imperial Pools, Inc., was the manufacturer of the kit, including its steel walls, and The Vinyl Works, Inc., was the manufacturer of the vinyl liner. In 1982 the vinyl liner began to disintegrate and the steel supporting walls began to rust. The Vinyl Works furnished a new liner. In 1984 this liner, too, showed signs of deterioration and the pinhole size rust spots first discovered in the steel wall in 1982 had become more serious. After unsuccessful efforts by plaintiffs to obtain from defendants an adjustment of the problems, plaintiffs on November 21, 1984, filed suit in the district court in Rapides Parish. The defendants named in the suit were the two defendants-appellants, the manufacturers, and Terry Brown, d/b/a Terry's Pools, the seller.
The seller, represented by F. Clay Tillman, Sr., an attorney, filed an answer to the petition on April 18, 1986.
In February 1986 a certified letter from plaintiffs' attorney was mailed addressed to Imperial Pools, attention Charles Vennard, an executive of that company. This letter read:
In our most recent phone conversation, you had agreed to send someone down to attempt repairs on the rusted panels on Mr. Strange's pool. I have heard nothing further from you, despite the lapse of several months.
Accordingly, please consider this letter a demand that you file responsive pleadings in this case within ten days of the date of this letter.
If you fail to do so, a preliminary default will be entered against you and all other defendants, and judgment will be taken in due course.
*1041 U.S. Postal Service Return Receipts in the record show that this letter was received by the addressee on February 10, 1986.
Preliminary defaults were confirmed on July 11, 1986. The testimony was not transcribed but the minutes of court reflect that Robert Strange and Harris Tassin were sworn and testified, and eight exhibits were filed in evidence and are in the record. The exhibits are the 1979 sales contract between the plaintiffs and Terry Brown, the seller; two brochures describing the Imperial 900 Series Pool Kit, with emphasis on descriptions of its steel walls and its vinyl liner; a 1982 letter from the The Vinyl Works acknowledging its 10 year warranty and the existence of covered defects in the liner; photographs of the problems with the pool; a 1984 demand letter from plaintiffs' attorney with attached return receipts showing delivery to both defendants; the written Lifetime Warranty of Imperial Pools covering the steel wall panels; and a copy of the letter quoted above.
The judgment was signed August 20, 1986. A new trial was timely applied for by both defendants. Attached to the motion for a new trial was an affidavit by defendants' New York counsel, Michael T. McGarry, explaining that there was "an unexplainable miscommunication" between himself and his clients, and that he was not notified of the February 1986 letter asking for responsive pleadings. The motion for a new trial was denied.

ISSUES
Prescription. The defendants filed in this Court a peremptory exception of prescription of one year, based on La.C.C. Art. 2534 dealing with redhibition. We are authorized to consider this exception only "if proof of the grounds of the exception appears of record". La.C.C.P. Art. 2163. Plaintiffs' petition alleged, and the evidence suggests, that they were relying not only on the implied warranty of fitness that gives rise to the redhibitory action, but also on express written warranties, the duration of which was "Lifetime" as to the steel walls, and ten years as to the vinyl liner. Since there is nothing in the record to establish the grounds for and the validity of any exception of prescription, we overrule the exception.
Denial of Motion for a New Trial. Appellants moved for a new trial in reliance on La.C.C.P. Art. 1973. This article gives a trial court wide discretion in allowing or denying the motion. Conner v. Florida Farm Bureau Cas. Ins. Co., 446 So.2d 383 (La.App. 3rd Cir.1984). Denial of a new trial on discretionary grounds should be reversed only when the appellate court finds an abuse of discretion. Charpentier v. La. Land and Exploration Co., 415 So.2d 452 (La.App. 1st Cir.1982).
The ground asserted by appellants as justifying a new trial in the interest of justice, is found in an affidavit executed by their attorney, McGarry, on August 27, 1986. In that affidavit Mr. McGarry indicated that he was aware of the lawsuit since the summer of 1985; that his clients notified him they were trying to resolve the problem with plaintiffs' attorney; that he discussed with F. Clay Tillman, attorney for Brown, Tillman's possible representation of the appellants, but that he never got back to Tillman and Tillman later submitted an answer for Terry Brown only; and that he had no personal knowledge of whether his clients received the letter from plaintiffs' attorney dated February 1986.
There is no indication from this affidavit or elsewhere in the record, that Mr. McGarry was ever in contact with the attorney for plaintiffs, nor is there any indication from the record that a voluntary extension of time for answering was ever given defendants, expressly or impliedly. Consequently, we find that plaintiffs' counsel was never under any duty to give any prior notice to these defendants of an intent to confirm a default. This case is thus readily distinguishable from Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). Even so, the return receipt in the record shows that one of the defendants did in fact receive a letter on February 10, 1986, advising it that a default would be taken after ten days unless an answer was filed. The *1042 actual wait after that letter before the default was taken was five months.
It is unfortunate that these defendants lost their right to defend the suit by their inaction. However, we can find nothing in this record to justify our giving any relief to the defendants on a finding that the trial court's denial of a new trial was an abuse of discretion. Under Louisiana law a default judgment may be entered and confirmed against a defendant who, having been duly served with process, fails to answer within the time prescribed by law. La.C.C.P. Art. 1701. To say that it would amount to an abuse of discretion not to grant a default-judgment-debtor a new trial, when his only excuse for failing to answer was oversight, would place burdens and inequities on suitors which this Court does not believe a balancing of rights can countenance.
Sufficiency of the evidence. Appellants argue that the documents introduced in evidence constitute inadmissible hearsay, and that the evidence is insufficient to meet the plaintiffs' burden of proof which, in the case of a judgment of default, must be sufficient to establish a prima facie case. Appellants' brief suggests that the only evidence relied upon by the trial court was the documentary evidence.
The minutes of court show otherwise. The minutes declare that when this case came on for confirmation of default, "Robert Strange and Harris Tassin were sworn and testimony adduced".
This testimony was not recorded or, if it was recorded, it was not transcribed and put into the record for appeal.
There is in the record no narrative of facts by the parties, and no narrative of facts or reasons for judgment by the court. We accordingly have no way of knowing what the testimony of Strange and Tassin was, what elements of plaintiffs' case that testimony proved, and to what extent that testimony cured the apparent hearsay character of some of the exhibits. Although hearsay evidence does not sustain the burden of proving a prima facie case in confirming a default, the judgment may be affirmed if there is sufficient non-hearsay evidence to support it. Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980).
In the absence of a recording or transcription of the testimony at a confirmation of default, the defendants have other means of getting before the appellate court the facts for its review. These means are provided by La.C.C.P. Art. 2131, which authorizes either a narrative of facts by the parties or a narrative of facts by the trial judge for the record on appeal. It is the appellants' responsibility to secure this narrative. Mouton v. Mosley, 448 So.2d 893 (La.App. 3rd Cir.1984). A narrative of facts from the trial court was available merely for the asking.
Where, as in the present case, there is no transcription of the testimony, no narrative of facts, and no reasons for judgment (which might be considered in lieu of a narrative of facts), and the judgment recites that plaintiffs have produced due proof in support of their demand and that the law and the evidence favor them and are against defendants, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976); Mouton v. Mosley, supra.
For these reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.