I! SAUNDERS, Judge.
The State of Louisiana, through the Department of Social Services, filed a petition to establish paternity and support as set forth by La.R.S. 46:236.5 alleging that defendant, Cornell Freeman, was the natural father of M, the minor child of L.A. The petition also sought judgment against defendant for child support and medical insurance coverage for the minor child. Following defendant’s failure to timely answer the petition, a preliminary default was entered against him on December 7,1995.
A hearing was held on January 8,1996, for the purpose of confirming the preliminary default and the hearing officer made specific recommendations in this matter. On January 12, 1996, a deputy clerk of court for the parish of Lafayette signed |2into the record that no motion for judge hearing has been timely requested. On January 18, 1996, a district judge of the fifteenth judicial district court signed a judgment making the recommendations of the hearing officer the judgment of the court. It is from this judgment that defendant appeals.

LAW AND OPINION

By his first assigned error, defendant contends that the hearing officer erred in not making a recommendation for the district court to confirm the preliminary default as required by La.R.S. 46:236.5(4)(j).
La.R.S. 46:236.5(4)(j) provides as follows: The hearing officer may do the following:
(j) Set forth or summarize findings and make a written recommendation to the court concerning the disposition of the matter, including but not limited to contempt findings and recommendations for a default order if the parent does not respond to notice. (Emphasis added.)
It is evident from the statutory language “may” that the hearing officer is not compelled to make recommendations for a default order. Instead, the permissive language grants him the authority to use his *589 discretion. Thus, defendant’s first assignment of error is without merit.
By defendant’s second assignment of error, he contends that the hearing officer erred in not complying with La.R.S. 46:236.5(5).
La.R.S. 46:286.5(5) reads:
The written recommendation of the hearing officer shall contain all of the following:
(a) A statement of the pleadings.
(b) A statement as to the findings of fact by the hearing officer.
(c) A statement as to the findings of law based on the pleadings and facts, including his opinion thereon.
(d) A proposed judgment.
|3The hearing officer’s written recommendation commenced with the following statement: “After considering the pleadings and joint stipulation of counsel, the law and the evidence being in favor thereof,” followed by his proposed judgment.
Clearly, the hearing officer is not required to recite verbatim the pleadings, facts, and the law. As such, we find that the recited statement above adequately complies with the requirements mandated in La.R.S. 46:236.5(a), (b) and (c). Furthermore, we find that the last requirement that the hearing officer propose a judgment in his written recommendation is met. Thus, appellant’s second assignment of error is without merit.
Finally, defendant contends that the hearing officer erred because he failed to confirm the preliminary default without a record of evidence proving a prima facie case as required by La.Code Civ.P. art. 1702.
LSA-C.C.P. Art. 1702(A) states in pertinent part:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie ease....”
A prima facie case, sufficient to confirm a judgment of default, is established only when the plaintiff proves the essential allegations of his petition to the same extent as if those allegations had been specifically denied. Perrodin v. Zander, 441 So.2d 12 (La.App. 3 Cir.1983), writ denied, 444 So.2d 120 (La.1984).
When the alleged parent of an illegitimate child is alive, the burden of proving paternity is by a preponderance of the evidence. LSA-C.C. Art. 209(A). Simply stated, the record adduced at the hearing to confirm the preliminary default must show that paternity by the defendant is more probable than not. Litton v. Litton, 624 So.2d 472 (La.App. 2 Cir.1993).
State, Dept. of Social Services v. Pierre, 93-834 (La.App. 3 Cir. 3/2/94); 634 So.2d 1224, 1225.
Appellant contends that the State failed to meet their burden and that this case should be reversed because the record lacks transcribed testimony and/or documentary evidence.
|4We disagree. In Strange v. Imperial Pools, Inc., 520 So.2d 1039, 1042 (La.App. 3 Cir.1987), writ denied, 522 So.2d 565, we observed the following:
In the absence of a recording or transcription of the testimony at a confirmation of default, the defendants have other means of getting before the appellate court the facts for its review. These means are provided by La.C.C.P. Art. 2131, which authorizes either a narrative of facts by the parties or a narrative of facts by the trial judge for the record on appeal. It is the appellants’ responsibility to secure this narrative. Mouton v. Mosley, 448 So.2d 893 (La.App. 3rd Cir.1984). A narrative of facts was available from the trial court merely for the asking.
Where, as in the present case, there is no transcription of the testimony, no narrative of facts, and no reasons for judgment (which might be considered in lieu of a narrative of facts), and the judgment recites that plaintiffs have produced due proof in support of their demand and that the law and the evidence favor them and are against the defendants, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976); Mouton v. Mosley, supra.
*590 In the present case, the minutes of the trial court declare that evidence and testimony was given on January 8, 1996, the date of the confirmation hearing and that the hearing officer made his recommendations to the district judge. This testimony was not recorded and thus, there was nothing to be transcribed and put into the record for appeal. Furthermore, the record does not contain a narrative of the facts by the parties or a narrative of facts or reasons for judgment by the trial court. Appellant failed to comply with La.Code Civ.P. art. 2131, and consequently, we are compelled to presume that the judgment was rendered upon sufficient evidence and that it is correct.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.