819 So.2d 359 (2002)
Lisa MITCHELL
v.
Daniel MARSHALL.
No. 2000-1259.
Court of Appeal of Louisiana, Third Circuit.
May 1, 2002.
*360 Nancy Ann Vallee, Lake Charles, LA, for Plaintiff/Appellant, Lisa Mitchell.
Kathleen Kay, Lake Charles, LA, for Defendant/Appellee, Daniel Marshall.
Court composed of JOHN D. SAUNDERS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
GREMILLION, Judge.
The plaintiff, Lisa Mitchell, appeals the trial court's denial of her request for a protective order against her ex-husband, Daniel Marshall. For the following reasons, we affirm.
Lisa and Daniel were granted a divorce on May 20, 1998, with sole custody of the couple's minor children, Hannah, Jacob, and Chloe, being granted to Daniel. On February 11, 1999, Daniel filed a Rule to Show Cause seeking child support from Lisa, which she was ordered to pay in the amount of $538 per month. On February 28, 2000, the State of Louisiana, Department of Social Services, filed a Motion to Amend Existing Order and Rule to Show Cause seeking to amend the initial order so that Lisa would pay child support to the State and to have her found in arrears in the amount of $4,140. On March 6, 2000, Lisa filed a Petition for Domestic Abuse Protection alleging Daniel abused her on March 4, 2000. A temporary restraining order and preliminary injunction were granted as a result of this petition ordering Daniel not to abuse or contact her and from going within fifty feet of her home and employment.
On August 4, 2000, Lisa sought a reduction in child support payments, which was denied by the hearing officer and later affirmed by the trial court on December 4, 2000. She was also held to be in arrears in her child support obligation in the amount of $7,099. On June 11, 2001, the State filed a second Rule for Contempt based on Lisa's refusal to pay child support. At this time, she was $12,137.84 in arrears. A hearing was scheduled on the rule for September 21, 2001.
Prior to that hearing, on August 29, 2001, Lisa filed a Petition for Domestic Abuse Protection alleging that Daniel physically abused her, including attempting to suffocate and drown her, threatening her with a weapon, and threatening to kill her. She further alleged that he abused their three children. Based on this information, the trial court issued a temporary restraining order ordering Daniel to stay away from Lisa's home and work and to refrain from contacting her. The trial court further granted temporary custody of the parties' children to Lisa and appointed an expert to interview them relevant to the alleged abuse by Daniel.
*361 A hearing on the Petition for Domestic Abuse Protection was held on September 10, 2001. After hearing testimony from both sides and considering the evidence, the trial court denied Lisa's request for a protective order and ordered the children be returned to Daniel the following day. This appeal by Lisa followed.

DISCUSSION
Protective orders are issued in domestic violence matters pursuant to the Domestic Abuse Assistance Statute. La. R.S. 46:2131 et seq. La.R.S. 46:2135(B) provides that:
If a temporary restraining order is granted without notice, the matter shall be set within twenty days for a rule to show cause why the protective order should not be issued, at which time the petitioner must prove the allegations of abuse by a preponderance of the evidence. The defendant shall be given notice of the temporary restraining order and the hearing on the rule to show cause by service of process as required by law within twenty-four hours of the issuance of the order.
La.R.S. 46:2132(3) defines domestic abuse:
"Domestic abuse" includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another. "Domestic abuse" also includes abuse of adults as defined in R.S. 14:403.2 when committed by an adult child or adult grandchild.
Although several cases have reviewed the jurisprudence and found no specific standard of review applicable to the issuance of protective orders, courts have applied the abuse of discretion standard. This standard applies in matters where the trial court has wide discretion in the issuance of orders such as injunctive relief and support orders. See Rouyea v. Rouyea, 00-2613 (La.App. 1 Cir. 3/28/01), 808 So.2d 558; Paschall v. Hazlinsky, 35,513 (La.App. 2 Cir. 12/19/01), 803 So.2d 413. Accordingly, we will apply the abuse of discretion standard of review in this matter.
After reviewing the record in its entirety, we find no abuse of discretion in the trial court's decision denying Lisa a protective order against Daniel. The trial court heard testimony from Lisa of past instances of abuse by Daniel against her going back five years. It also heard testimony from her friend, LaGae Chappel, and from a social worker, Robbie Dowden, about the past abuse and Lisa's fear of Daniel.
In the most recent instance of abuse, Lisa testified that Daniel became angry with her because she refused to pick up the children's school supplies the night before school started and to assist him in paying their school fees. She testified that he told her that he was going to burn her, and that he was going to do what he planned in the first place. When she asked if he was threatening to kill her, she stated that he replied that he would never do it himself, that he would have someone do it for him. The next morning, after she failed to pick up the school supplies and told him that she was never going to his house again, Lisa testified that Daniel became enraged and told her, "Well, then you've really now done it," and, "Now I am going to burn you and I'm going to go through with what I've planned." Lisa further testified concerning several instances where her children reported instances of alleged abuse by Daniel and her fear for her children.
On the other hand, Daniel admitted to violence during his marriage to Lisa, but *362 he denied any recent acts of violence or abuse of his children. He admitted telling Lisa that he was going to burn her, but he stated that he meant it in the context of Lisa's contempt hearing for failure to pay child support. Daniel further testified that he felt Lisa was seeking the protective order in retaliation for the State's filing of a Rule for Contempt against her on June 11, 2001.
Daniel's previous attorney, Carla Chrisco, testified pertaining to a child support meeting, during which, outside the presence of the hearing officer, Lisa berated Daniel and emphatically stated that she was not going to pay child support. Chrisco stated that Lisa did not seem to fear Daniel during the meeting and that she appeared able to turn her emotions on and off in the presence of the hearing officer.
Daniel denied abusing his children, and introduced the testimony of Lisa's sister and brother-in-law, an ex-neighbor, and a friend, who all testified that he had never acted inappropriately towards them. All testified that he had a good relationship with his children.
The trial court also considered the report of Brenda W. LaFleur, the court appointed social worker, who interviewed the children. LaFleur reported that there appeared to be the possibility of a problem in the children's relationship with Daniel, but that there were also indicators that the children loved him and were not overly frightened in their normal day-to-day interaction with him. However, she did feel that there were several questions which should be investigated, including the suggestion that Chloe was treated differently by Daniel, and the anxiety revealed by the children about making a mistake and his response to their mistakes. LaFleur was also worried about the fact that the children referred to Daniel being mean to Lisa during their marriage. If they had observed domestic violence, then LaFleur was concerned about their perception of their level of safety with Daniel. She suggested that a more thorough evaluation on this issue and the others should occur.
After reviewing the record, we cannot say that the trial court abused its vast discretion in denying Lisa's request for a protective order. The trial court obviously weighed the evidence and the credibility of the witnesses before finding that Lisa failed to prove the allegations of abuse by a preponderance of the evidence. Accordingly, the judgment of the trial court denying the protective order is affirmed.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this matter are assessed to the plaintiff-appellant, Lisa Mitchell.
AFFIRMED.