# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1421

CHINAZO D. OKECHUKWU

VERSUS

VITALIS CHUKWUDI OKECHUKWU

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2013-3081
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

## REVERSED AND REMANDED WITH INSTRUCTIONS.

**Richard L. Ducote**
**Attorney at Law**
**4800 Liberty Avenue, Third Floor**
**Pittsburgh, Pennsylvania 15224**
**(412) 687-2020**
**Counsel for Plaintiff/Appellant:**
    **Chinazo D. Okechukwu**

**Rita C. Ekenta**
**Law Office of Rita C. Ekenta**
**401 Whitney Avenue, Suite 323**
**Gretna, Louisiana 70056**
**(504) 368-0443**
**Counsel for Plaintiff/Appellant:**
      **Chinazo D. Okechukwu**

**Harry W. Ezim, Jr.**
**Dean M. Esposito**
**Ezim Law Firm**
**7142 Florida Boulevard, Second Floor**
**Baton Rouge, Louisiana 70806**
**(225) 929-7785**
**Counsel for Defendant/Appellee:**
      **Vitalis Chukwudi Okechukwu**

**Mark D. Plaisance**
**Attorney at Law**
**Post Office Box 796**
**Thibodaux, Louisiana 70302-0796**
**(985) 227-4588**
**Counsel for Defendant/Appellee:**
      **Vitalis Chukwudi Okechukwu**

**KEATY, Judge.**

Wife appeals judgment dismissing her Petition for Protection From Abuse (the Petition) with prejudice based on trial court's finding that the four corners of the Petition did not show "immediate and present danger of abuse" as required by La.R.S. 46:2135(A). For the following reasons, we reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Chinazo and Vitalis Okechukwu were married on November 10, 2004, and are the parents of three minor children, the youngest of whom was born on April 29, 2013. Chinazo filed a petition for divorce on June 17, 2013, on the grounds of adultery. She sought a temporary restraining order (TRO) against Vitalis, alleging that he had harassed and physically abused her in the past. The trial court signed an order on June 18, 2013, issuing the requested TRO prohibiting Vitalis from harassing or sexually or physically abusing Chinazo and setting the matter for hearing on September 11, 2013. Vitalis filed an answer, consisting of mostly general denials, and a reconventional demand wherein he sought, among other things, shared custody of the children and in due course a La.Civ.Code art. 102 divorce.

On July 10, 2013, Chinazo filed a Petition for Protection From Abuse in proper person on behalf of herself and the three children. Therein, she alleged that Vitalis had raped her on August 4, 2012. Chinazo further alleged that at various times between 2004 and the present he "slapped, punched, pushed, shoved, or humiliated" her. She also detailed incidents of alleged abuse occurring in November 2011 and September 2010. Finally, Chinazo expressed that she was in

fear of her life based on Vitalis' reaction to her filing for divorce. The trial court signed the requested temporary order of protection and set the Petition for hearing.

Vitalis filed an exception of no cause of action seeking to dismiss the Petition relative to Chinazo on the basis that she was not in immediate and present danger because: 1) the trial court already issued a TRO in conjunction with the divorce petition prohibiting him from harassing or sexually abusing Chinazo; 2) he and Chinazo have lived separate and apart since late June 2013, they have not seen each other since then, and he is unaware of the whereabouts of Chinazo and their three children; and 3) the most recent incident of abuse occurred on August 4, 2012, and the parties continued to reside together for nearly one year since that time. Vitalis also asserted an exception of no cause of action seeking to dismiss the Petition as it related to his children on the basis that it contained no allegations that he had ever physically abused them.

Following a hearing on July 25, 2013, the trial court granted Vitalis' exception of no cause of action and dismissed the Petition with prejudice at Chinazo's cost. Because no La.R.S. 9:372 injunction from abuse form had been submitted when the petition for divorce was signed, the trial court stated that it would sign such a form so that there would be something in the Louisiana Protective Order Registry (Registry). The record indicates that the trial court signed a Louisiana Uniform Abuse Prevention Order on July 25, 2013, and the clerk faxed a copy to the Registry the following day. Chinazo now appeals, asserting that the trial court erred as a matter of law and manifestly abused its discretion in maintaining the exception and dismissing her Petition with prejudice, and in casting her with costs.

2

Louisiana Revised Statutes 46:2135(A) (emphasis added), which is part of

the Protection from Family Violence Act, provides, in pertinent part, as follows:

> Upon good cause shown in an ex parte proceeding, the court may enter a temporary restraining order, without bond, as it deems necessary to protect from abuse the petitioner, any minor children, or any person alleged to be an incompetent. Any person who shows **immediate and present danger of abuse** shall constitute good cause for purposes of this Subsection.

"Domestic abuse," as defined in La.R.S. 46:2132(3) "includes but is not limited to

physical or sexual abuse and any offense against the person as defined in the

Criminal Code of Louisiana, except negligent injury and defamation, committed by

one family or household member against another."

An appellate court applies the abuse of discretion standard to review a trial

court's denial of a request for a protective order under La.R.S. 46:2135. *Mitchell v.*

*Marshall*, 02-15 (La.App. 3 Cir. 5/1/02), 819 So.2d 359. In *Ramey v. DeCaire,* 03-

1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19, the supreme court explained:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.
>
> Louisiana has chosen a system of fact pleading. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action.
>
> The burden of demonstrating that the petition states no cause of action is upon the mover. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts

should conduct a de novo review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief.

### *Did Chinazo State a Cause of Action for Relief under La.R.S. 46:2135?*

On appeal, Chinazo asserts that Vitalis' exception of no cause of action should have be overruled as a matter of law because her Petition set forth the extensive history of abuse that she suffered at the hand of Vitalis as well as her current fear for her life as triggered by her filing for divorce against her abuser. She submits that although La.R.S. 46:2135 requires that the danger of abuse be immediate and present, there is no statutory requirement that the abuse itself be recent, immediate, or present. In addition, she points out the lack of statutory or jurisprudential authority setting forth how recent the abuse must have occurred in order for a party to obtain the protection afforded by La.R.S. 46:2135. Accordingly, Chinazo submits that if the allegations made in the Petition are accepted as true, she has alleged an immediate and present danger of abuse sufficient to have the Petition granted and the matter proceed to trial.

Alternatively, Chinazo submits that because the "immediate and present danger" language applies to Subsection A of La.R.S. 46:2135, relative to ex parte orders of protection, the trial court should have set the Petition for hearing under Subsection D of the statute, rather than dismissing the Petition with prejudice, if it found an essential element lacking to justify the issuance of an ex parte order.

Vitalis counters that the trial court's judgment should be affirmed because Chinazo failed to state of cause of action for a protective order under La.R.S. 46:2135. He contends that her allegations of abuse were too remote in time to

4

entitle her to the relief sought, given that she had not alleged ongoing abusive behavior or harassment. He further contends that she filed the Petition in an attempt to get immediate use of the family home because she was dissatisfied with the hearing date she received to address that matter. Moreover, he submits that an injunction is already in place prohibiting him from physically or sexually abusing Chinazo and/or their children.

At the July 25, 2013 hearing, the trial court stated: "I find that based upon the four corners of this pleading, that it's too remote in time. I'm not going to grant the protective order. I'm going to grant the exception of no cause of action."

To prevail on his exception of no cause of action, Vitalis had to show that even if all the allegations of the Petition are true, Chinazo failed to state a cause of action for the issuance of a protective order under La.R.S. 46:2135. After our de novo review, we conclude that if the allegations of abuse that Chinazo asserted in the Petition are accepted as true, she stated a valid cause of action for the relief contemplated by La.R.S. 46:2135. As Chinazo correctly points out, while La.R.S. 46:2135 requires that the **danger of abuse** be immediate and present, there is no statutory requirement that the **abuse itself** be recent, immediate, or present. Likewise, we have not found any statutory or jurisprudential authority setting forth how recent the abuse must have occurred in order for a party to obtain the protection afforded by La.R.S. 46:2135. While we decline to adopt a bright line rule of how recent any abuse must have occurred in order to qualify a petitioner for relief under La.R.S. 46:2135(A), in this case, giving credence to the allegations made in the Petition, Chinazo's fear of the **danger of being abused** is real and is sufficient to entitle her to a protective order despite the fact that no **actual abuse** had occurred in the eleven months before she filed the Petition. Vitalis admitted in

5

his exception that he had not been in contact with Chinazo and their three children since she filed the divorce petition in mid-June of 2013, as she had been "hiding" since that time. Thus, as a practical matter, no abuse could have occurred since that filing given the fact that Vitalis is unaware of his family's whereabouts. We note, however, that Chinazo's leaving the family home upon the filing of the divorce petition, bolsters her claim that she was fearful of Vitalis' reaction to that filing. This is especially true given the fact that the youngest of the Okechukwu children was born less than two months before Chinazo sought a divorce from Vitalis. Moreover, we conclude that the long history of abuse that Chinazo allegedly suffered at the hands of Vitalis, if believed, strengthens Chinazo's claim that her fear of abuse by Vitalis has increased since she filed for divorce from him. To find otherwise would tend to punish a victim of domestic violence who suffered from years of abuse before finally deciding to seek a divorce and other relief so as to put an end to the abuse that they had suffered for far too long. The trial court abused its discretion in granting Vitalis' exception of no cause of action and dismissing the Petition. Accordingly, we remand this matter to the trial court to issue a protective order and to comply with the dictates of La.R.S. 46:2136.

## *Costs*

Because we have found that the trial court erred in granting Vitalis' exception of no cause of action and dismissing the Petition, we likewise find that the trial court abused its discretion in casting Chinazo with court costs.

**DECREE**

For the forgoing reasons, the judgment of the trial court dismissing the Petition for Protection From Abuse filed by Chinazo Okechukwu is reversed. All costs of this appeal are assessed against Vitalis Okechukwu.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**