# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-999**


**JASEA NED**

**VERSUS**

**TRENTON LALIBERTE**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 18-C-4187-C
HONORABLE JASON MECHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.


**AFFIRMED.**

**Chris Villemarette**
**Chris Villemarette, LLC**
**3404 Moss Street**
**Lafayette, LA 70507**
**(337) 232-3100**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Trenton Laliberte**

**Jasea Ned**
**In Proper Person**
**294 High View Park Lane**
**Arnaudville, LA 70512**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Jasea Ned**

**SAUNDERS, Judge.**

In this case we must decide whether the trial court erred in granting plaintiff's Petition for Protection from Abuse.

## FACTS AND PROCEDURAL HISTORY:

On September 12, 2018, Plaintiff, Jasea Ned ("Ms. Ned"), a resident citizen of the state of Louisiana, filed a Petition for Protection from Abuse against Defendant, Trenton Laliberte ("Mr. Laliberte"), in the Twenty-Seventh Judicial District Court, St. Landry Parish, Louisiana. The petition alleges physical abuse and threats to her safety that occurred in both St. Landry Parish, Louisiana, and Fort Bragg, North Carolina, states that Trenton resides in Fort Bragg, North Carolina, and that the matrimonial domicile and household is located in North Carolina

On September 21, 2018, the trial court issued an order of protection in favor of Ms. Ned and against Mr. Laliberte, granting her use and possession of all of the household contents and ordering the military police to accompany her to the home at 94 Bastogne Drive, Fort Bragg, North Carolina, to retrieve her belongings. A hearing was set for October 19, 2018, to determine if the temporary restraining order should be converted to a protective order.

At the October 19, 2018 hearing, the hearing officer recommended that a protective order issue. Mr. Laliberte did not appear at the hearing. The recommendation also states that Mr. Laliberte was served on September 24, 2018. However, there is no evidence of service in the record.

On November 8, 2018, the district court adopted the hearing officer's recommendation and a protective order issued in favor of Ms. Ned and against Mr. Laliberte.

Mr. Laliberte timely filed a motion for appeal. Pursuant to that motion, he is presently before this court alleging two assignments of error.

## ASSIGNMENTS OF ERROR:

1. The trial court erred in failing to comply with the requirements of the Servicemember[']s Civil Relief Act.

2. The trial court erred in issuing a protective order without personal jurisdiction over the Appellant.

## ASSIGNMENT OF ERROR NUMBER ONE:

In his first assignment of error, Mr. Laliberte argues that the trial court erred in rendering judgment against him without requiring the affidavit of appellee, and further erred by not appointing an attorney to represent him as required by 50 U.S.C.A. §3931. We find no merit to this contention.

Trial courts are granted wide discretion in the issuance of protective orders, which we review under the abuse of discretion standard. *Mitchell v. Marshall*, 02-15 (La.App. 3 Cir. 5/1/02), 819 So.2d 359. This standard is highly deferential to the trial court's determination. *LCR-M Ltd. P'ship v. Jim Hotard Props., L.L.C.,* 13-483 (La.App. 4 Cir. 10/9/13), 126 So.3d 668.

In *Borel v. Borel*, 17-335, 2017 WL 5484057 (La.App. 3 Cir. 11/15/17), this court noted:

> Protective orders are issued in domestic violence matters under the Domestic Abuse Assistance Statute. La.R.S. 46:2131 *et seq*. Pursuant to La.R.S. 46:2135(B):
>
> If a temporary restraining order is granted without notice, the matter shall be set within twenty-one days for a rule to show cause why the protective order should not be issued, at which time the petitioner must prove the allegations of abuse by a preponderance of the evidence. The defendant shall be given notice of the temporary restraining order and the hearing on the rule to show cause by service of process as required by law within twenty-four hours of the issuance of the order.
>
> Louisiana Revised Statutes 46:2132(3) defines domestic abuse, in pertinent part:
>
> "Domestic abuse" includes but is not limited to physical or sexual abuse and any offense against the person, physical or non-physical, as defined by the Criminal Code of Louisiana, except

2

negligent injury and defamation, committed by one family member, household member, or dating partner against another.

Protection of servicemembers against default judgments, 50 U.S.C.A. §3931, also known as the Servicemembers Civil Relief Act, provides, in pertinent part:

**(a) Applicability of section**

This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance.

**(b) Affidavit requirement**

**(1) Plaintiff to file affidavit**

In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—

(A)     stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or

(B)     if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

**(2) Appointment of attorney to represent defendant in military service**

If in an action covered by this section it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed under this section to represent a servicemember cannot locate the servicemember, actions by the attorney in the case shall not waive any defense of the servicemember or otherwise bind the servicemember.

In support of his argument that Ms. Ned's petition failed to comply with the requirements of the Servicemembers Civil Relief Act, Mr. Laliberte points to the lack of evidence in the record of: (1) the required affidavit; (2) an inquiry of whether or not he is a member of the active duty military; and (3) appointment of an attorney to represent him.

Ms. Ned contends that the foregoing statute only applies to servicemembers who are either: (1) within 90 days of release from their contract, or (2) currently deployed, and that Trenton does not fall within either category.

A number of representations of fact, which cannot be considered, were made by the parties in brief. This review must be confined to the record before us. We must determine whether the record contains sufficient, competent evidence to prove a prima facie case. See *Thibodeaux v. Burton*, 538 So.2d 1001 (La.1989).

In *Strange v. Imperial Pools, Inc.*, 520 So.2d 1039, 1042 (La.App. 3 Cir.1987), *writ denied*, 522 So.2d 565, (La. 1988) (citations omitted), we observed the following:

> In the absence of a recording or transcription of the testimony at a confirmation of default, the defendants have other means of getting before the appellate court the facts for its review. These means are provided by La.C.C.P. Art. 2131, which authorizes either a narrative of facts by the parties or a narrative of facts by the trial judge for the record on appeal. It is the appellants' responsibility to secure this narrative. A narrative of facts was available from the trial court merely for the asking.
>
> Where, as in the present case, there is no transcription of the testimony, no narrative of facts, and no reasons for judgment (which might be considered in lieu of a narrative of facts), and the judgment recites that plaintiffs have produced due proof in support of their demand and that the law and the evidence favor them and are against the defendants, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct.

In the instant matter, the minutes of the trial court declare that evidence and testimony was given on October 19, 2018, and that the hearing officer made her recommendations to the district judge. This testimony was not recorded, thus, there was nothing to be transcribed and put into the record for appeal. Furthermore, the record does not contain a narrative of facts by the parties or a narrative of facts or reasons for judgment by the trial court. "He who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his

nonappearance and failure to timely plead." *DeFrances v. Gauthier,* 220 La. 145,55 So.2d 896 (1951). Trenton did neither. As such, there is a presumption that the judgment of the trial court is well-founded and based on competent evidence. Accordingly, we affirm the trial court's ruling on this issue.

## ASSIGNMENT OF ERROR NUMBER TWO:

In his second assignment of error, Mr. Laliberte argues that the trial court erred in issuing a default judgment against him, as there is no evidence that would give rise to the exercise of personal jurisdiction over him. We find no merit to this contention.

Louisiana Code of Civil Procedure, Article 1702 (emphasis added) provides in pertinent part:

> A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence . . .

In *Succ. of Rock v. Allstate Life. Ins. Co.*, 340 So.2d 1325 (1976) (citations omitted) (emphasis added), our supreme court noted:

> There is no requirement that a party confirming a default must have the testimony reduced to writing or that a note be made of the evidence introduced; and when a judgment has been rendered and no note of evidence has been made, **it is incumbent on the party desiring to appeal to secure a narrative in accordance with Article 2130 and 2131 of the Code of Civil Procedure.** This was not done.

> In order to obtain reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. When the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct.

This presumption, that the judgment is well-founded and based on competent evidence, which exists when there is no note of evidence of parole testimony, is a fair and reasonable one conducive to the efficient administration of justice and should be given much weight. It has long been recognized in our law.

In the instant matter, the record reflects that the minutes of the trial court declare that evidence and testimony was given on October 19, 2018, and that the hearing officer made her recommendations to the district judge that:

1.  Defendant failed to appear for the hearing on the protective order.

2.  The defendant was served with a copy of the rule to show cause why a protective order should not be granted as follows: personal service on 9/24/18.

3.  This Court has jurisdiction over the parties and the subject matter under the laws of the State of Louisiana.

4.  The defendant was given reasonable notice and opportunity to be heard sufficient to protect the defendant's rights to due process.

5.  This Court is the proper venue for this action because the petitioner resides or is domiciled in St. Landry Parish

6.  Petitioner filed this petition on behalf of petitioner.

7.  The petitioner and defendant are related as spouses.

8.  A suit for divorce between the parties is not pending.

9.  Defendant allegedly abused petitioner in the following manner:
    a. Shoved petitioner
    b. Threatened petitioner with bodily harm
    c. Threatened petitioner's life

10. The above actions of the defendant constitute an immediate and present danger of abuse against the petitioner. The defendant represents a credible threat to the physical safety of the petitioner.

The record reflects that Mr. Laliberte failed to secure a narrative in accordance with La.Code Civ.P. arts. 2130 and 2131. Therefore, there is a presumption of reasonableness of jurisdiction based on the Hearing Officer's recommendation. As such, we are compelled to presume that the judgment was rendered upon sufficient

6

evidence and that it is correct. Accordingly, we affirm the trial court's ruling on this issue.

## CONCLUSION:

Trenton Laliberte asserts two assignments of error as to why the trial court erred in granting a default judgment against him. Finding no merit to Mr. Laliberte's first assignment of error, that the trial court erred in failing to comply with the requirements of the Servicemembers Civil Relief Act, we affirm the trial court's ruling on this issue. Finding no merit to Mr. Laliberte's second assignment of error, that the trial court erred in issuing a protective order without personal jurisdiction, we affirm the trial court's ruling on this issue.

Costs of these proceedings are assessed to Trenton Laliberte.

**AFFIRMED.**